IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

R.C., by and through her parents and next )
friends CHASE AND SARAH CULVER, )
)
      Plaintiffs, )
)
v. )   Case No. 23-CV-478-JFJ
)
INDEPENDENT SCHOOL DISTRICT NO. )
2 OF OSAGE COUNTY, OKLAHOMA a/k/a )
PAWHUSKA PUBLIC SCHOOLS, and )
TORI MADISON, in her individual capacity, )
)
      Defendants. )

## OPINION AND ORDER

Before the Court is the parties' Joint Application to Settle Claims of a Minor ("Motion") (ECF No. 41). In the Motion, the parties request that the Court conduct a hearing, approve the settlement reached on or around October 22, 2024, and enter necessary orders effectuating creation of an account for the benefit of R.C., the minor Plaintiff, as provided by Okla. Stat. tit. 12, § 83.

On November 13, 2024, the Court conducted a hearing on the Motion. R.C.'s father, Chase Culver, was the sole witness. At the conclusion of the hearing, the Court granted the Motion. The Court provides this written Opinion and Order in support of its ruling.[1]

I.    **Factual Background**

In their First Amended Complaint, R.C., by and through her parents and next friends Chase and Sarah Culver ("Plaintiffs"), allege that R.C. sustained injuries as a result of the actions of Defendants Independent School District No. 2 of Osage County, Oklahoma, commonly known as Pawhuska Public Schools (the "School District") and Tori Madison ("Madison") (collectively "Defendants"). R.C.'s claims arose under 42 U.S.C. § 1983 and state law. The Court exercised

---

[1] The parties submitted a proposed order approving the settlement, but the Court did not use the version provided by the parties.

federal subject matter jurisdiction over the civil rights claims and supplemental jurisdiction over the state law claims.

On July 29, 2024, the Court denied in part and granted in part Madison's motion to dismiss based on qualified immunity. ECF No. 26.[2] Madison filed an interlocutory appeal, and the Court stayed the proceeding. While the case was on appeal and without admitting liability, the parties agreed to settle all claims that Plaintiffs now have or may have against Defendants for the sum of $100,000 (the "Settlement Payment").[3] The parties agreed to pay their own attorneys' fees and costs.

Plaintiffs retained the law firm Glass & Tabor, LLP ("Glass & Tabor") on a contingency fee basis, where Glass & Tabor agreed to advance all costs of the litigation, to be recouped in the event of any recovery. Based on the gross settlement of $100,000, the proposed distribution of the Settlement Payment is as follows:

| | |
|---|---|
| Gross Settlement | $100,000.00 |
| Less Reimbursable Costs | $3,673.28 |
| Net Settlement | $96,326.72 |
| | |
| Distribution to Plaintiff (60% of Net Settlement) | |
| R.C. | $57,796.03 |
| | |
| Distribution to Attorneys (40% of Net Settlement) | |
| Glass & Tabor | $38,530.69 |

## II.   Legal Standards

"The determination of the fairness of a settlement agreement involving a minor and the reasonableness of the amount to be apportioned from the proceeds of that settlement agreement in payment of attorneys' fees implicates the parties' substantive rights." *Nice v. Centennial Area*

---

[2] Such order sets forth the alleged facts and is incorporated by reference.

[3] The Release and Settlement Agreement is Exhibit 1 to the hearing record. *See* ECF Nos. 44-1 (Release and Settlement Agreement), 45 (permitting supplementation of record). The Release and Settlement Agreement is incorporated by reference.

2

*Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). Ordinarily, federal law governs adjudication of substantive rights when the Court's jurisdiction is based on a federal question rather than diversity of citizenship. *Id.* at 668. However, there is an exception when federal law does not expressly establish a rule of decision. *Id.* In such cases, "where the state law on the issue is well-developed and the application of state law will not impinge upon any federal interest, the court may 'borrow' state law to fill the gap in the federal statutory scheme." *Id.*

The federal civil rights law governing Plaintiffs' claims, 42 U.S.C. § 1983, "does not supply a rule of decision by which a minor's compromise of a civil rights claim should be reviewed by the court." *Id.* at 669. Oklahoma law, however, provides a statutory scheme governing recovery on behalf of minors in court proceedings. *See* Okla. Stat. tit. 12, § 83 (entitled "conserving moneys obtained for or on behalf of persons under eighteen years of age in court proceedings"). The State of Oklahoma is the location of the alleged civil rights violations and R.C.'s state of residence. Oklahoma has demonstrated its interest in safeguarding a minor's settlement proceeds and has established a statutory scheme to protect these interests. This state scheme does not impinge any federal interest, and the Court therefore borrows Oklahoma substantive law on the issues of: (1) approval of the settlement agreement, and (2) the manner of disbursing settlement funds for the benefit of a minor. *See id.* (reaching same conclusion and applying Pennsylvania law). *See also T.Y. as Next Friend of P.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589-DDC-GEB, 2020 WL 59649, at *1 (D. Kan. Jan. 6, 2020) (predicting Tenth Circuit would apply Kansas law in approving settlement of § 1983 claim on minor's behalf).

Under Oklahoma decisional law, in deciding whether to approve a settlement on behalf of a minor, a court must decide whether the settlement is "fair, reasonable, voluntarily entered into and . . . in the best interests of the . . . minor." *Freeman v. Owens*, No. CJ-2004-420, 2005 WL 3525937, at *2 (Okla. Dist. Feb. 28, 2005); *Thomason v. Thompson*, 253 P. 99, 100 (Okla. 1926) (approving settlement on behalf of minor upon finding that settlement was "fair and equitable"

3

and "for the best interests of the minor"). Federal courts have followed similar standards in approving settlement agreements on behalf of minors and depositing funds for the benefit of minors pursuant to Okla. Stat. tit. 12, § 83. *See Doe by Doe v. Brewer*, No. CIV-18-00271-JD, 2020 WL 10708753, at *1 (W.D. Okla. Aug. 19, 2020) (approving settlement on behalf of minor based on finding that settlement was "reasonable" and "in the best interests" of the minor); *Judah v. Comanche Cnty. Facilities Auth.*, No. CIV-14-070-JHP, 2016 WL 3002968, at *2 (E.D. Okla. Apr. 5, 2016) (recommending approval of settlement agreement on behalf of minor based on finding that settlement was "fair and in the best interest of the minor"), *report and recommendation adopted*, No. CIV-14-70-JHP, 2016 WL 2889008 (E.D. Okla. May 17, 2016).

Under Oklahoma statutory law, the procedures differ based on the amount of recovery or settlement proceeds obtained on behalf of the minor. Under § 83(A), if the amount obtained by a minor's next friend or guardian ad litem exceeds $25,000, after subtracting "sums sufficient for paying costs and expenses including medical bills and attorney fees," the funds may be deposited on the minor's behalf only "by order of the court." Okla. Stat. tit. 12, § 83(A). The financial entity or savings plan holding the funds on behalf of the minor must also be "approved by the court." *Id.* Under § 83(B), if the amount obtained is between $1,500 and $25,000, the minor's parent or guardian may enter into a settlement agreement outside of a court proceeding if: (1) a guardian ad litem, guardian, or conservator has *not* been appointed for the minor, and (2) the parent or guardian completes an affidavit or verified statement in conformity with the statute, which is then retained by the attorney and provided to the financial institution. *Id.* § 83(B). When proceeding under § 83(B), no court order is required, and the banking institution "may accept the affidavit without further investigation . . . ." Under either section, the funds must be deposited in a federally insured institution; in a trust established for the minor; into a structured settlement; or into an Oklahoma College Savings Account. *Id.* § 83.

4

### III. Analysis

In this case, R.C's parents sued on her behalf and are named as "next friends" in this lawsuit. R.C.'s parents settled the claim on her behalf for a total of $100,000. The only expenses are court costs and attorney fees totaling $42,203.97, which results in a distribution to R.C. in the amount of $57,796.03. This case falls squarely within § 83(A) because it involves money recovered "by a next friend . . . for or on behalf of a minor" that, after reduction of expenses and attorney fees, exceeds $25,000. *Id.* § 83(A) (emphasis added).[4] Due to the amount, the minor's parents, as next friends, must obtain a court order before depositing any amounts on behalf of the minor.[5]

The Court hereby approves the settlement and will provide all necessary orders to effectuate deposit of the settlement funds on behalf of the minor. The Court is familiar with Plaintiffs' allegations regarding Defendants' alleged conduct and Plaintiffs' potential damages. During the litigation, the Court issued a written Opinion and Order analyzing the claims against Madison. Based on the Court's knowledge of the factual allegations and issues presented in the case, and the testimony provided by Mr. Culver during the hearing held November 13, 2024, the Court finds this settlement amount to be fair, reasonable, equitable, and in the best interest of R.C. Specifically, the Court finds: (1) the attorney fee agreement, and the forty-percent contingency fee subtracted from R.C.'s recovery, is standard and reasonable; (2) the settlement negotiations were arms-length negotiations between represented parties; (3) R.C.'s parents and next friends agreed

---

[4] The Court finds no need to appoint the minor's parents as "guardians ad litem," as requested in the parties' proposed order approving the settlement. The caption of the lawsuit names the parents as "next friends," and § 83(A) expressly permits court approval and deposit of funds recovered by "next friends" on behalf of minors.

[5] During the hearing, the Court inquired about the affidavit requirement discussed in Okla. Stat. tit. 12, § 83(B) and (I). Upon further review, the affidavit requirement applies only to proceedings under § 83(B) and does not apply when a next friend or guardian ad litem obtains a court order under § 83(A).

5

to the amount after considering the risks of proceeding on appeal and to trial; (4) the settlement was not the result of any duress or coercion; and (5) R.C.'s total recovery is fair and in her best interests, considering the claims and defenses in the litigation. The Court further finds that R.C.'s parents and next friends will deposit the amount into an FDIC-insured account at Small & Associates, for the benefit of R.C., which satisfies all legal requirements in § 83(A).

## IV. Conclusion

The Joint Application to Settle Claims of a Minor (ECF No. 41) is GRANTED, and the settlement is approved. The Court ORDERS as follows:

1. Upon payment of the Settlement Amount, Defendants and any other person or entity as set out in the Release and Settlement Agreement, ECF No. 44-1, shall be released from any and all further liability to Plaintiffs. The settlement approved by the Court fully compromises and concludes any claims that R.C., Chase Culver, and/or Sarah Culver, individually and as parents and next friends of R.C., may have against the School District, Madison, and/or any other person or entity as set out in the Release and Settlement Agreement, even if R.C.'s condition changes or new injuries develop or are discovered after this settlement.

2. The parties shall file a Joint Stipulation of Dismissal With Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) no later than December 14, 2024.

3. Each party shall pay their own attorneys' fees and costs.

4. The Court will enter (1) the parties' proposed supplemental order, which directs the deposit of funds, and (2) the parties' proposed order, which requires a receipt to be completed by the financial institution and filed with the Court within twenty days of this Order.

Done this day 18th of November, 2024.

_____
HONORABLE JODI F. JAYNE
UNITED STATES MAGISTRATE JUDGE